SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRO'S CHOICE BEAUTY CARE, INC.,

                Plaintiff,

   -against-

THE HARTFORD FIRE INSURANCE
COMPANY and THE HARTFORD
CASUALTY INSURANCE COMPANY,

                Defendants.
------------------------------------------------------------X

Civil Action Nos.

**COMPLAINT**

**(Jury Trial Demanded)**

WEXLER, J.
BOYLE, M

## PRELIMINARY STATEMENT

1. This action is brought to declare Plaintiff's right to defense and indemnification under certain policies of insurance issued by Defendants, and for an award of damages in connection with Defendants' refusal to defend and indemnify Plaintiff under such policies.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants maintain offices for the conduct of business within the Eastern District of New York.

## THE PARTIES

4. The plaintiff, Pro's Choice Beauty Care, Inc. ("Pro's Choice"), is incorporated under the laws of the State of New Jersey and, since April 2008, has had its principal place of business at 35 Sawgrass Drive, Bellport, New York. Prior to April 2008, Pro's Choice maintained its principal place of business at 2060 Ninth Avenue, Ronkonkoma, New York.

Pro's Choice is a wholesale distributor that sells beauty care products to wholesalers and retail stores, which are Pro's Choice's customers.

5. The defendants, Hartford Fire Insurance Company ("Hartford Fire") and Hartford Casualty Insurance Company ("Hartford Casualty") (collectively "the Defendants") are subsidiaries of the Hartford Financial Services Group, Inc.

6. Upon information and belief, Hartford Casualty is incorporated in Indiana, and its principal office address is located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana. Hartford Casualty maintains an address at One Hartford Place, Hartford, Connecticut 06155.

7. Upon information and belief, Hartford Fire is incorporated in Connecticut and keeps its place of business at One Hartford Place, Hartford, Connecticut.

8. Hartford Fire and Hartford Casualty are licensed to do business in New York, and regularly conduct the business of insurance there.

## THE POLICIES

9. Hartford Fire and Hartford Casualty have insured Pro's Choice under various policies since 2001, and have issued general liability and umbrella liability insurance policies (collectively "the Policies") to Pro's Choice in New York, where Pro's Choice has been headquartered on each occasion when the Defendants issued any of the Policies.

10. Hartford Fire and Hartford Casualty issued the Policies to Pro's Choice at its principal place of business at 2060 Ninth Avenue, Ronkonkoma, New York, until Pro's Choice moved to its present location at 35 Sawgrass Drive, Bellport, New York, at which time the address of Pro's Choice was changed on the Policies to reflect this new location.

11. The Policies include the following:

(a)  Hartford Fire underlying general liability policies (each of which provides $1,000,000 in coverage per occurrence with a $2,000,000 aggregate for all occurrences in the policy year). The policy numbers and the time period for which each policy provided coverage are set forth below:

- 12 UEN UI1429 - 10/1/01-10/1/02
- 12 UEN UI1429 - 10/1/02-10/1/03
- 12 UEN UI1429 - 10/1/03-10/1/04
- 12 UEN UI1429 - 10/1/04-10/1/05
- 12 UEN UI1429 - 10/1/05-10/1/06
- 12 UEN UI1429 - 10/1/06-10/1/07
- 12 UEN UI1429 – 10/1/07-10/1/08

(b)  Hartford Casualty umbrella policies (each of which is in excess of the underlying general liability policy limits set forth in (a) above); the policy numbers and the time period for which each policy provided coverage are set forth below:

- Primary policy 12RHUUJ8037 ($15,000,000 limit) and excess policy 12XSSL7406 ($10,000,000 limit) – 4/14/03-10/1/03
- Primary policy 12RHUUJ8037 ($15,000,000 limit) and excess policy 12XSSL7406 ($10,000,000 limit) – 10/1/03-10/1/04
- Primary policy 12RHUUJ8037 ($15,000,000 limit) – 10/1/04-10/1/05
- Primary policy 12RHUUJ8037 ($15,000,000 limit) – 10/1/05-10/1/06
- Primary policy 12RHUUJ8037 ($10,000,000 limit) – 10/1/06-10/1/07
- Primary policy 12RHUUJ8037 ($10,000,000 limit) – 10/1/07-10/1/08

12. As required by the Policies, Pro's Choice had written indemnity agreements with each of its customers, which provided that if a claim were made against the customer alleging bodily injury or, among other things, a violation of state, federal or local law, then Pro's Choice would be obligated to indemnify, defend and hold harmless that customer against all liability arising out of the claim, including court costs and reasonable attorneys' fees.

13. Prior to 2005, the Policies provided additional insured status to the Pro's Choice customers at issue in this case, whether or not such customers had indemnity agreements with Pro's Choice. The 2005-2008 Policies provided additional insured status for each customer that had an indemnity agreement with Pro's Choice, and beginning in 2008, the Policies also contained endorsements naming Pro's Choice's customers as additional insureds.

## FACTUAL BACKGROUND

14. This claims made by Pro's Choice for defense and indemnification under the Policies involve the State of California's investigation of and subsequent complaint against Pro's Choice and several of its retail chain customers with store locations in the State of California, for selling hair care products allegedly containing volatile organic compounds ("VOCs") that the State of California alleges are detrimental to human health, and that are regulated by the California Health and Safety Code ("VOC Lawsuit").

15. Between August 2005 and May 2007, the California Air Resources Board ("CARB") notified Pro's Choice and its customers through several Notices of Violation ("NOV") and related correspondence that it had inspected Pro's Choice's products, and determined that they contained levels of VOCs that allegedly exceeded California's limits and caused harm to human health.

16. On February 13, 2008, on behalf of the People of the State of California, the attorney general and certain district attorneys ("the California Plaintiffs") commenced the VOC Lawsuit by filing a Complaint for Permanent Injunction, Civil Penalties, and Other Equitable Relief (the "Original California Complaint") against Pro's Choice and several of its customers, including Target Corporation, Longs Drug Stores, Walgreen Company, Rite Aid Corporation, Ralph's Grocery Company and Kmart Corporation. On September 30, 2009, the Plaintiffs filed the First Amended Complaint for Permanent Injunction, Civil Penalties, and Other Equitable Relief ("the Amended California Complaint").

17. Pro's Choice had an indemnity obligation to each of its co-defendant customers named in the Original California Complaint and Amended California Complaint and, therefore, paid for the defense of the VOC Lawsuit on behalf of each co-defendant customer as well as its own defense and, in addition, funded the entire settlement payment on behalf of itself and all of its co-defendant customers pursuant to its indemnity obligation to each of those customers.

18. Both the Original California Complaint and the Amended California Complaint alleged that Pro's Choice and its customers sold and offered for sale products containing VOCs that resulted in "significant harmful emissions" (Amended California Complaint ¶20) causing "harm to human health" (Amended California Complaint ¶25). Further, the California Plaintiffs expressly stated that their allegations were grounded in "pertinent laws, statutes, rules, standards, or regulations" that "include, but are not limited to: California Health & Safety Code sections 41700 *et seq.*, and 42400 *et seq.*" Amended California Complaint ¶24.

19. California Health and Safety Code §41700 provides as follows: ". . . a person shall not discharge from any source whatsoever quantities of air contaminants or other material that cause injury, detriment, nuisance, or annoyance to any considerable number of persons or to

the public, or that endanger the comfort, repose, health or safety of any of those persons or the public, or that cause, or have a natural tendency to cause, injury or damage to business or property."

20. California Health and Safety Code §42400 (c) provides that "any person who owns or operates any source of air contaminants in violation of Section 41700 that causes actual injury . . . to the health or safety of a considerable number of persons or the public is guilty of a misdemeanor and is subject to a fine . . ." Under part (d), "actual injury" is "any physical injury that, in the opinion of a licensed physician and surgeon, requires medical treatment involving more than a physical examination."

21. Additionally, in order to redress the alleged injury to human health, the California Plaintiffs sought "restitution to victims" as part of their remedy. (Amended California Complaint ¶79).

22. Pro's Choice first submitted its claim for coverage to Defendants on October 20, 2006 after receiving an NOV and subpoena for records from CARB.

23. When the California Plaintiffs filed the Original California Complaint on February 13, 2008, Pro's Choice submitted a second claim for coverage to Defendants with a copy of the Original California Complaint.

24. The Defendants denied Pro's Choice's claim for coverage as set forth in the May 12, 2008 letter from Robert J. Weir, Complex Claim Group, The Hartford.

25. Defendants had an obligation to defend, pay defense costs, pay indemnity and provide coverage to Pro's Choice and its customers for the VOC Lawsuit for the following reasons:

a. The Original California Complaint and Amended California Complaint alleged bodily injury caused by the conduct of Pros' Choice and its customers.

b. Pro's Choice and its customers complied with their obligations under the Policies, and Pro's Choice provided timely notice of the claim to Defendants.

c. The conduct of Pro's Choice and its customers was ongoing, and in fact occurred on "hundreds if not thousands of days" (Amended California Complaint ¶66), an allegation that falls squarely within the Policies' definition of "occurrence" as "continuous or repeated exposure to substantially the same general harmful conditions."

d. Pro's Choice's customers had additional insured status resulting from the indemnity agreements Pro's Choice had with its customers, and from subsequent policy endorsements.

e. The Defendants rejected Pro's Choice's claims and failed and refused to defend or indemnify Pro's Choice and its customers.

26. Pro's Choice mitigated its damages by paying for a legal defense of itself and its customers out of its own pocket, and by obtaining an extremely favorable settlement of $1,250,000 on behalf of itself and all of the Pro's Choice customers who were named as co-defendants in March 2010, in the face of claims for relief seeking in excess of $13,000,000.

## CAUSES OF ACTION

### Count I: Breach of Contract

27. Pro's Choice restates and realleges paragraphs 1-26 as if fully set forth herein.

28. The Policies constitute a valid and enforceable contract under which Hartford Fire and Hartford Casualty promised to defend and indemnify Pro's Choice and its customers.

29. Pro's Choice performed its obligations under the Policies.

30. Hartford Fire and Hartford Casualty materially breached the Policies by refusing to defend and indemnify Pro's Choice and its customers in the VOC Lawsuit.

31. Because Hartford Fire and Hartford Casualty failed to defend and indemnify Pro's Choice and its customers, Pro's Choice expended over $3 million in attorneys' fees to defend itself and its co-defendant customers, and paid $1,250,000 to settle the litigation.

32. As a result of the breach of the Policies by Hartford Fire and Hartford Casualty, Pro's Choice has been damaged in an amount to be proven at trial, but in no amount less than the sum of its attorneys' fees, costs, and settlement payment.

33. On January 21, 2011, counsel for Pro's Choice sent a letter to Mr. Weir in an attempt to resolve this matter with the Defendants, and has satisfied all conditions precedent to the initiation of this litigation.

34. The Defendants maintained their denial of Pro's Choice's claims as set forth in the February 9, 2011 response letter from Mr. Weir.

### Count II: Declaratory Judgment

35. Pro's Choice repeats and realleges Paragraphs 1-26, 29-31 as if fully set forth herein.

36. Pro's Choice is entitled to a declaration that it and its customers sued in the VOC Lawsuit are entitled to both defense and indemnification from Defendants under the terms of the Policies.

WHEREFORE, Pro's Choice requests relief as follows:

    a. On the First Claim, entry of judgment against Hartford Fire and Hartford Casualty awarding Pro's Choice damages in an amount to be proven at trial, but in no amount less than the sum of its attorneys' fees and costs, the sums paid or reimbursed by Pro's Choice on behalf of co-defendant customers, and the settlement payment;

    b.    On the Second Claim, entry of judgment declaring that Pro's Choice and its customers sued in the VOC Lawsuit are entitled to both defense and indemnification from Defendants under the terms of the Policies;

    c.    Award to Pros' Choice of expenses, interest and costs associated with this litigation; and

    c.    All such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues and causes of action triable to a jury.

Dated: Islandia, New York
January 6, 2012

BRACKEN MARGOLIN BESUNDER LLP

*[signature]*

By: Linda U. Margolin (LM6621)
    Karen I. Hansen (KH5090)
*Attorneys for Plaintiff*
1050 Old Nichols Road, Suite 200
Islandia, New York 11749
(631) 234-8585